**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE CATHERINE JENKINS,

       Debtor-Appellant.                       Case No. 06-13744
                                                      HON. AVERN COHN

_____/

**ORDER OF DISMISSAL**

      Catherine Jenkins, proceeding pro se, has filed an appeal from the Bankruptcy Court's dismissal of her Chapter 13 bankruptcy case, in which she also proceeded pro se.

      Because Jenkins paid the requisite filing fee, the case is not subject to screening for sua sponte dismissal under 28 U.S.C. § 1915(e)(2). Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). A court generally may not sua sponte dismiss a case where the filing fee has been paid unless the court gives the party notice and the opportunity to amend the complaint. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir. 1983). However, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, et al. 183 F.3d 477, 479 (6th Cir. 1999). When reviewing pro se filings, the court must employ standards less stringent than if the complaint had been drafted by counsel. Haines v. Kerner, 404 U.S. 519 (1972).

      The Court has read all of Jenkins' filings, including papers styled "Notice of

Appeal," "Amended Complaint," and "Affidavit in the Nature of a Motion to Stay Pending Appeal." They are all virtually unintelligible. As best as can be gleaned, Jenkins is objecting to the dismissal of her bankruptcy case. None of Jenkins' papers articulate an intelligible and discrete basis for appeal of the bankruptcy court's decision.

Accordingly, this case is DISMISSED under Fed. R. Civ. P. 12(b)(1).

Moreover, the Court notes that Jenkins failed to comply with Fed. R. Bankr. P. 8006 which requires that within ten (10) days after filing a notice of appeal, the appellant must file a designation of items to be included on appeal and a statement of issues.

SO ORDERED.

      s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: September 20, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 20, 2006, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5160